IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JASON LYLE BROWN, | : |
| Plaintiff, | : |
| VS. | : |
| | : 1 : 12-CV-45 (WLS) |
| Dr. DWAYNE AYERS, and TIFFANY WHATLEY, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on April 2, 2012. (Doc. 1).   Presently pending in this action are Plaintiff's Motion for the Appointment of Counsel and Motion for Injunctive Relief.   (Docs. 13, 14).

*Motion for Appointment of Counsel (Doc. 13)*

Plaintiff filed a Motion for Appointment of Counsel on May 8, 2012.   Generally speaking, no right to counsel exists in § 1983 actions.   *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).   Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented.   *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without

the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

*Injunctive Relief (Doc. 14)*

On May 8, 2012, Plaintiff filed a Motion for Restraining Order of Prison Medical File.  In his Motion, Plaintiff simply restates his allegations against Defendants, who are employees at Calhoun State Prison. Plaintiff fails to provide any information about why he is requesting a restraining order regarding his medical files.

A temporary restraining order/preliminary injunction protects a party against irreparable harm while preserving the status quo until a decision on the merits can be made.  *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).   In order to obtain injunctive relief, Plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction is issued; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest.  *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (1990).   "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites;  [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'"  *United States v. Jefferson County*, 720

2

F.2d 1511, 1519 (11th Cir.1983) (quoting *Canal Authority*, 489 F.2d at 573).

Herein, Plaintiff has not provided any explanation as to why he is requesting injunctive relief regarding his medical files.  As Plaintiff has simply restated the allegations contained in his Complaint, he has provided no evidence to the Court to demonstrate that injunctive relief is appropriate.  It also appears that Plaintiff has been transferred from Calhoun State Prison, where the alleged violation occurred, to Wheeler Correctional Facility.  (Doc. 15-2).  Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to a different prison facility.  *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). As Plaintiff has failed to state any claim for injunctive relief and appears to have been transferred from Calhoun State Prison to Wheeler Correction Facility, it is the recommendation of the undersigned that Plaintiff's Motion for Restraining Order of Prison Medical File be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 6th day of July, 2012.

                               *s/ THOMAS Q. LANGSTAFF*
                               **UNITED STATES MAGISTRATE JUDGE**

llf