IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JASON LYLE BROWN, | : |
| Plaintiff, | : |
| VS. | : |
| | : **1 : 12-CV-45 (WLS)** |
| DR. DWAYNE AYERS, and TIFFANY WHATLEY, | : |
| Defendants. | : |

**RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on April 2, 2012, challenging certain conditions of his confinement while housed at Calhoun State Prison. (Doc. 1).

Defendants filed a Motion to Dismiss for Want of Prosecution on July 2, 2012, and the Court issued an Order on July 3, 2012 notifying Plaintiff of the pendency of this Motion and directing him to respond thereto. (Docs. 16, 17).

Defendants assert that Plaintiff has failed to properly notify the Court of his address change, and therefore his Complaint should be dismissed. (Doc. 16). Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

On April 20, 2012, the Court ordered all parties to keep the Clerk of Court and all opposing parties advised of their current address at all times, and advised that the failure to do so could result in the dismissal of the party's pleadings. (Doc. 8). The Court further ordered Plaintiff to diligently prosecute his Complaint, and advised Plaintiff that his action could be dismissed due to a lack of prosecution. (*Id.*).

The Clerk of Court attempted to mail Plaintiff an August 27, 2012 Order, but the mailing came back as "not deliverable" on September 5, 2012. (Doc. 26-1). That same day, the Order was remailed to Plaintiff's current address, which appears was obtained by the Clerk through the Georgia Department of Corrections website. Plaintiff has still not filed a notice regarding his change of address.

Additionally, on July 3, 2012, the undersigned ordered Plaintiff to respond to Defendants' Motion to Dismiss based on Plaintiff's failure to prosecute. (Doc. 17). Also, on August 27, 2012, the Court ordered Plaintiff to show cause as to why this action should not be dismissed based on Plaintiff's failure to prosecute. (Doc. 25).   As of the date of this Order, Plaintiff has not responded to Defendants' Motion to Dismiss or to the Court's Show Cause Order.

A review of this entire action reveals a clear record of delay or willful contempt on the part of Plaintiff. Plaintiff has failed to comply with a Court Order directing Plaintiff to respond to Defendants' Motion to Dismiss, and has failed to respond to the Court's Show Cause Order. It has been more than five months since Plaintiff's last contact with the Court. Plaintiff has also failed to timely update the Court with his address, which shows Plaintiff's failure to comply with an earlier

Court Order requiring Plaintiff to keep the Court informed as to his current address.

The Court finds that lesser sanctions will not suffice. Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit since filing for a restraining order in May of 2012, has failed to respond to two Court orders requiring Plaintiff to respond to Defendants' Motion to Dismiss, and has failed to follow the directives of the Court regarding notification to the Court and parties of Plaintiff's current address. Thus, it is the recommendation of the undersigned that Defendants' Motion to Dismiss (Doc. 16) be **GRANTED** and Plaintiff's Complaint be **DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation

**SO RECOMMENDED**, this 9th day of October, 2012.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE